UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHNATHAN JOHNSON,

        Petitioner,                  Case Number 08-13307
                                                  Honorable David M. Lawson

v.

SUSAN DAVIS,

        Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

The petitioner, Johnathan Johnson, presently confined at Lakeland Correctional Facility in Coldwater, Michigan, has filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254. The petitioner pleaded guilty in the Wayne County, Michigan circuit court to armed robbery and possession of a firearm during the commission of a felony, second offense. He was sentenced to five years in prison for the felony firearm conviction and a consecutive term of ten to forty years for the armed robbery conviction. The petitioner alleges that his plea bargain was illusory and his guilty plea involuntary, his trial attorney was ineffective, and the trial court failed to provide him with a transcript of his aborted trial. The respondent, Susan Davis, urges the Court to deny the petition on the grounds that the petitioner's claims lack merit, were waived, or are not cognizable on habeas review. The Court agrees that the petitioner's claims do not warrant habeas corpus relief. Therefore, the petition will be denied.

I.

The petitioner was charged with armed robbery, Mich. Comp. Laws § 750.529, and possession of a firearm during the commission of a felony, second offense, Mich. Comp. Laws § 750.227b(1), and designated a second habitual offender, Mich. Comp. Laws § 769.10, following the

robbery of an individual in Detroit on July 1, 2005. According to Donald Cook, an attorney who represented the petitioner at his preliminary examination, on the day of the offense two people were seen running from a Chinese restaurant where they had both just robbed five individuals at gunpoint. The robbers were wearing ski masks. An off-duty police officer, Cleophus McDonald, saw the masked men running and carrying guns. The restaurant proprietor called 911, and McDonald called the police department. The perpetrators boarded a bus, which McDonald followed, calling for reinforcements. More police officers arrived and stormed the bus. McDonald identified the robbers, who turned out to be the petitioner and a co-defendant named Banks. Both had guns and money. A stocking cap was later found in the police car that conveyed the petitioner to the precinct.

The petitioner insisted on a jury trial, as was his right, but after trial commenced on October 25, 2005, he decided to plead guilty as charged. In exchange for the plea, the prosecutor agreed to dismiss the habitual offender designation, and the parties and the trial court agreed that the sentence would be five years in prison for felony firearm conviction and ten to forty years in prison for armed robbery; the sentences would be consecutive. In Michigan, judges may participate in binding plea bargains. *See People v. Cobbs*, 443 Mich. 276, 283, 505 N.W.2d 208, 212 (1993) (holding that "a defendant who pleads guilty or nolo contendere in reliance upon a judge's preliminary evaluation with regard to an appropriate sentence has an absolute right to withdraw the plea if the judge later determines that the sentence must exceed the preliminary evaluation"). On November 8, 2005, the trial court sentenced the petitioner, as promised, to five years in prison for felony firearm plus a consecutive term of ten to forty years for armed robbery.

The Michigan Court of Appeals denied the petitioner's delayed application for leave to appeal "for lack of merit in the grounds presented." *People v. Johnson*, No. 273487 (Mich. Ct. App.

Dec. 19, 2006). On May 30, 2007, the Michigan Supreme Court denied leave to appeal because it was not persuaded to review the issues. *See People v. Johnson,* 478 Mich. 871, 731 N.W.2d 744 (2007) (table). Neither court issued a reasoned decision addressing any of the petitioner's issues.

The petitioner filed his habeas corpus petition in this Court on July 31, 2008, alleging that (1) his guilty plea agreement was illusory, (2) his guilty plea was not made understandingly or voluntarily, and his trial attorney was constitutionally ineffective, and (3) he is entitled to a remand because the trial court refused to produce the transcript of the aborted trial. The respondent argues in an answer to the petition that habeas relief must be denied because the petitioner's claims are not cognizable on habeas review, were waived by his guilty plea, or lack merit.

II.

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996), which govern this case, "circumscribe[d]" the standard of review federal courts must apply when considering applications for a writ of habeas corpus raising constitutional claims, including claims of ineffective assistance of counsel. *See Wiggins v. Smith*, 539 U.S. 510, 520 (2003). As amended, 28 U.S.C. § 2254(d) permits a federal court to issue the writ only if the state court decision on a federal issue "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or it amounted to "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2); *Franklin v. Francis*, 144 F.3d 429, 433 (6th Cir. 1998). Under that review standard, mere error by the state court does not justify issuance of the writ; rather, the state court's application of federal law "must have been objectively unreasonable." *Wiggins*, 539 U.S. at 520-21 (quoting *Williams v. Taylor*, 529 U.S. 362, 409 (2000)

(internal quotes omitted)). Additionally, this Court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1) ("In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct."); *see also West v. Seabold*, 73 F.3d 81, 84 (6th Cir. 1996) (stating that "[t]he court gives complete deference to state court findings of historical fact unless they are clearly erroneous").

The state appellate courts in this case issued brief form orders denying the petitioner's applications for leave to appeal. The Michigan Court of Appeals stated that it was denying the petitioner's application for leave to appeal "for lack of merit in the grounds presented." The Sixth Circuit recently stated that, a "state court may have various reasons for denying an application for leave to appeal 'for lack of merit in the grounds presented,'" but a federal court cannot "discern from that language alone whether that decision was based on the merits of the case." *Dorn v. Lafler*, 601 F.3d 439, 443 (6th Cir. 2010). Where the federal court is unable to "conclude that it was an 'adjudication on the merits' pursuant to 28 U.S.C. § 2254(d)," as here, *de novo* review is appropriate. *Ibid*.

The record in this case contains no reasoned decision or explanation from the state courts why the petitioner's claims were rejected. When a state court declines to address the merits of an issue, this Court conducts an independent review. *Harris v. Stovall*, 212 F.3d 940, 943 (6th Cir. 2000). The deferential standard of review prescribed by the AEDPA does not apply because "[t]his statute by its own terms is applicable only to habeas claims that were adjudicated on the merits in State court . . . . Where, as here, the state court did not assess the merits of a claim properly raised in a habeas petition . . . questions of law and mixed questions of law and fact [are reviewed] de

novo." *Maples v. Stegall*, 340 F.3d 433, 436 (6th Cir. 2003) (quotations and citations omitted). This Court's review of the petitioner's claims are "not circumscribed by a state court conclusion" because none of the state courts issued a reasoned opinion on the issues. *Wiggins*, 539 U.S. at 534; *see also Maldonado v. Wilson*, 416 F.3d 470, 476 (6th Cir. 2005).

A.

The petitioner alleges that his guilty plea was illusory because he did not possess a gun during the crime and never should have been charged with armed robbery. He admitted at the plea proceeding, however, that he stole money from the victim and put the victim in fear by pointing or possessing a gun when he took the money. Plea Hr'g Tr., Oct. 25, 2005, at 9. Moreover, even if the petitioner did not actually possess a gun, a person may be found guilty of armed robbery if he uses an item that leads the victim to believe the assailant is armed, or claims to be armed. *See* Mich. Comp. Laws § 750.529 ("A person who engages in conduct proscribed under section 530 [the robbery statute] and who in the course of engaging in that conduct, possesses a dangerous weapon *or an article used or fashioned in a manner to lead any person present to reasonably believe the article is a dangerous weapon, or who represents orally or otherwise that he or she is in possession of a dangerous weapon*, is guilty of a felony punishable by imprisonment for life or for any term of years.") (emphasis added; footnote omitted).

Despite the petitioner's protestations, the evidence against the petitioner was overwhelming, and there was no viable defense to the crimes. Had the petitioner continued with his trial and been found guilty as charged, he could have been sentenced to life in prison for armed robbery. By pleading guilty, he avoided a life sentence and secured a sentence of ten to forty years for armed

robbery. The petitioner received a tangible benefit by pleading guilty; therefore, his plea was not illusory. *McAdoo v. Elo*, 365 F.3d 487, 498 (6th Cir. 2004).

B.

The petitioner alleges that his guilty plea was involuntary and unintelligent because he was misinformed of the benefits of pleading guilty and the trial court denied his request for substitution of counsel. The petitioner also claims that he did not know (1) his attorney was required to produce witnesses in support of his defense, (2) the prosecutor had to prove its case beyond a reasonable doubt, and (3) the court was required to order any defense witnesses to appear at trial. Finally, the petitioner argues that his attorney advised him how to respond to the court's questions at the plea proceeding and informed him that he would get life imprisonment if he went to trial.

"A guilty or no-contest plea involves a waiver of many substantial constitutional rights, *see Boykin v. Alabama*, 395 U.S. 238, 243 (1969), and a court may accept a guilty or no-contest plea only where it is a 'voluntary[,] . . . knowing, intelligent act [] done with sufficient awareness of the relevant circumstances and likely consequences,' *see Brady v. United States*, 397 U.S. 742, 748 (1970)." *Fautenberry v. Mitchell*, 515 F.3d 614, 636-37 (6th Cir. 2008). A guilty plea must be supported by "an affirmative showing that it was intelligent and voluntary." *Boykin*, 395 U.S. at 242.

> A plea may be involuntary either because the accused does not understand the nature of the constitutional protections that he is waiving or because he has such an incomplete understanding of the charge that his plea cannot stand as an intelligent admission of guilt. Without adequate notice of the nature of the charge against him, or proof that he in fact understood the charge, the plea cannot be voluntary in this latter sense.

*Henderson v. Morgan*, 426 U.S. 637, 645 n.13 (1976) (internal and end citations omitted). The defendant also "must be apprised of the direct consequences of entering the plea," *Riggins v.*

*McMackin*, 935 F.2d 790, 795 (6th Cir. 1991) (citing *Brady*, 397 U.S. at 755), including "the maximum sentence that could be imposed," *King v. Dutton*, 17 F.3d 151, 154 (6th Cir. 1994) (citing *Hart v. Marion Corr. Inst.*, 927 F.2d 256, 259 (6th Cir. 1991)).

> The rule that a plea must be intelligently made to be valid does not require that a plea be vulnerable to later attack if the defendant did not correctly assess every relevant factor entering into his decision. A defendant is not entitled to withdraw his plea merely because he discovers long after the plea has been accepted that his calculus misapprehended the quality of the State's case or the likely penalties attached to alternative courses of action.

*Brady*, 397 U.S. at 757. Furthermore, "the representations of the defendant, his lawyer, and the prosecutor at [a plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977).

During the plea proceeding in this case, the trial court informed the petitioner of the terms of the plea and sentencing agreement and the maximum penalties for the charged crimes. The trial court also advised the petitioner of some of the rights that he was waiving by pleading guilty, including the right to be presumed innocent unless the prosecutor proved his guilt beyond a reasonable doubt and the right to have the court compel defense witnesses to appear in court and testify. Plea Hr'g, Tr. Oct. 25, 2005, at 6-8. The petitioner claimed to understand the plea agreement, the maximum penalties, and the rights that he was waiving. *Id*. at 7-8. Petitioner contends in his reply to the respondent's answer that the trial court "bunched together" the waived rights and failed to specifically explain his rights, as required by the Michigan Court Rules. Reply at 4-5. However, the alleged violation of state law is not a basis for federal habeas corpus relief, *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990), and the trial court was not required to provide a detailed

enumeration of all the rights the petitioner was waiving. *McChesney v. Henderson*, 482 F.2d 1101, 1106 (5th Cir. 1973); *Stinson v. Turner*, 473 F.2d 913, 916 (10th Cir. 1973).

The petitioner, moreover, stated that he was pleading guilty freely and voluntarily, and he appears to have understood the charges against him. Plea Hr'g Tr., Oct. 25, 2005, at 7. Although he initially insisted that he did not have a gun during the robbery, the petitioner subsequently asked his attorney on more than one occasion whether he could plead guilty. *Id*. at 3-6.

The petitioner's claim that he was denied substitution of counsel is not supported by the record. There is no indication in the record that he was unhappy with his second attorney, who represented him at trial and during the plea proceeding, or that he sought substitute counsel. And the fact that he may have pleaded guilty on his lawyer's advice to avoid a harsher penalty does not mean that his plea was involuntary. *Brady*, 397 U.S. at 751 (declining to hold "that a guilty plea is compelled and invalid under the Fifth Amendment whenever motivated by the defendant's desire to accept the certainty or probability of a lesser penalty rather than face a wider range of possibilities extending from acquittal to conviction and a higher penalty authorized by law for the crime charged").

The petitioner was mature and experienced at the time of his plea hearing. He was forty-two years of age, and he had a lengthy criminal history, which included prior felony convictions for armed robbery and felony firearm. The Court concludes from the totality of the circumstances that the petitioner's guilty plea was voluntary and intelligently made.

C.

The petitioner alleges next that his trial attorney was constitutionally ineffective because the attorney spent very little time with him and failed to: (1) advise him of a defense to the charges, (2) challenge the identification of him, (3) file any pretrial motions, and (4) call witnesses in support of his defense. The petitioner also claims that counsel did not advise him that the prosecutor had to prove his guilt beyond a reasonable doubt and that he had automatic grounds for re-sentencing.

The petitioner's allegations regarding his attorneys' representation of him before or during trial are not a basis for habeas relief because a knowing and voluntary guilty plea waives all nonjurisdictional defects in the proceedings, *Tollett v. Henderson*, 411 U.S. 258, 267 (1973), including a claim of ineffective assistance of counsel that does not relate to the voluntariness of the plea, *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983). To prevail on a claim of ineffective assistance of counsel in connection with his plea, the petitioner must demonstrate "that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." *Strickland v. Washington,* 466 U.S. 668, 687 (1984).

In guilty plea cases, the "performance" prong requires showing that defense counsel's representation fell below an objective standard of reasonableness or was outside the range of competence demanded of attorneys in criminal cases. *Hill v. Lockhart*, 474 U.S. 52, 56-59 (1985). The "prejudice" prong "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Id.* at 59. The petitioner must show "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Ibid.*

The petitioner has not alleged that, but for counsel's errors, he would have insisted on going to trial instead of pleading guilty. Furthermore, the petitioner has not demonstrated that he had

automatic grounds for re-sentencing, as he claims. And, even if defense counsel did not advise the petitioner that the prosecutor had to prove his guilt beyond a reasonable doubt, the trial court informed the petitioner at his plea hearing that by pleading guilty, he was waiving "the right to be presumed innocent unless proven guilty beyond a reasonable doubt." Plea Hr'g Tr., Oct. 25, 2005, at 8. If the petitioner was laboring under a lawyer-induced misapprehension of the burden of proof and the consequences of his guilty plea, the trial court's advice at the plea colloquy should have set him straight. *See Ramos v. Rogers*, 170 F.3d 560, 561 (6th Cir. 1999).

The petitioner's attorney, moreover, secured a favorable plea and sentencing agreement for the petitioner. Although the petitioner was a repeat offender, his minimum sentences amounted to fifteen years, with a maximum sentence of no more than forty years even though the petitioner could have been sent to prison for armed robbery for the rest of his life. *See* Mich. Comp. Laws § 750.529.

The petitioner has not shown that his attorney's performance was constitutionally deficient or that he was prejudiced by the advice to plead guilty. The fact that his attorney may have advised him that he faced a more severe punishment if he went to trial and was convicted does not amount to ineffective assistance of counsel because that was accurate advice.

### D.

The petitioner's final claim is that he is entitled to a remand because the trial court failed to produce the transcript of the interrupted trial, which the petitioner contends was necessary to prove that his attorney was ineffective and that there was no evidence identifying him as one of the robbers. The record indicates that the petitioner was represented by counsel on appeal and that a transcript of the plea proceeding was filed. As noted above, any claims that the petitioner had regarding the trial proceedings were waived by his guilty plea.

Furthermore, the petitioner's original lawyer who represented him at the preliminary examination stated that a police officer identified the petitioner as one of the robbers and that the successor lawyer had no viable defense to the crimes. *See* Rule 5 Materials [dkt #7-5] (Letter from Donald R. Cook) at 28-29. The Court concludes that even if the trial court failed to produce the transcript of trial, the alleged error did not prejudice the petitioner or deprive him of a constitutional right.

III.

The petitioner has not demonstrated that he is presently in custody in violation of the Constitution or laws of the United States.

Accordingly, it is **ORDERED** that the petitioner's application for the writ of habeas corpus [dkt. #1] is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: November 30, 2010

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 30, 2010.

s/Deborah R. Tofil
DEBORAH R. TOFIL